IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOHN K. BOROWSKI JR.,

    Plaintiff,

v.

SANDY A. WILLIAMS

    Defendant.

Case No.: **23-C-1737**

2023 DEC 29 A 10: 20

## COMPLAINT FOR RELIEF

Plaintiff, John K. Borowski Jr. ("Mr. Borowski"), hereby moves the Court seeking declaratory and injunctive relief based upon the following:

### PARTIES

1. Mr. Borowski is an adult resident of the State Of Wisconsin who resided at 3740 County Road O, Saukville, WI. Mr. Borowski's address was located in Ozaukee County. He has been forced to flee the county due to years of harassment and vindictive prosecutions.

2. Sandy A. Willaims ("Judge Williams") is an adult resident of the state of Wisconsin whose believed to reside in Ozaukee County. Judge Williams is the current Branch III Circuit Court Judge for Ozaukee County. Her address is listed on CCAP as 1201 South Spring Street, Port Washington, WI 53074.

### JURISDICTION AND VENUE

3. This actions asserts that Mr. Borowski was denied procedural due process, and other rights guaranteed to him under the Second and Fourteenth Amendments to the United States

Constitution. A such, jurisdiction is proper pursuant to *42 U.S.C. § 1983*. This Court has jurisdiction to grant declaratory relief pursuant to *28 U.S.C. §§ 2201* and *2202*. Venue is appropriate in the Eastern District of Wisconsin, under *28 U.S.C. § 1391(b)(1)*, as Judge Williams is a resident of Ozaukee County and works in an official capacity in Ozaukee County, Wisconsin. Furthermore, the events giving rise to the claims occurred and continue to occur in Ozaukee County. As such, venue is also proper pursuant to *28 U.S.C. § 1391(b)(2)*.

## APPLICABLE FEDERAL LAW

4. <u>Second Amendment to the United States Constitution</u>- A well-regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed.

5. <u>Fourteenth Amendment to the United States Constitution</u>- All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law.

6. <u>Supremacy Clause (Article VI, **Clause 2**)</u>- The Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary.

7. <u>28 U.S.C. §1331</u>- District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

8.  28 U.S.C. § 2201 - In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

9.  28 U.S.C. § 2202- Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

10. 28 U.S.C. § 1391(b)(1)- A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.

11. 28 U.S.C. § 1391(b)(2)- A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

12. 42 U.S. Code § 1983- Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,

except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

## RELEVANT FACTS

13.  Judge Williams and Mr. Borowski first crossed paths in 2011 during his family court matter, Ozaukee County Case 2007-FA-236.[1] Judge Williams displayed an extremely hostile and partial attitude towards Mr. Borowski way back then.

14.  For over 7 years, Judge Williams deprived Mr. Borowski of his children, refusing to provide any due process that sought reunification with the one child who was not returned by two different impartial Milwaukee County tribunals. During this same time, Judge Williams wholly refused to honor the professional opinions rendered by the psychological expert she chose and ordered Mr. Borowski to be evaluated by. The record reveals Judge Williams grew even more hostile when the two separate Milwaukee County officials rejected her biased findings.

15.  Despite being listed as a victim and possible witness in Mr. Borowski's then pending Facebook arrest, Judge Williams deprived Mr. Borowski of his right to fair and impartial procedural due process. Judge Williams forced incompetent representation on Mr. Borowski. In doing so, Judge Willams allowed herself to look past the defect in venue, a defective complaint, and even put Mr. Borowski on the spot to "pick up his attorney" during the 2017 preliminary hearing. Judge Williams violated Mr. Borowski's right to due process when she refused to recuse

---

[1] To save space, Mr. Borowski hereby repeats and incorporates by reference his recent objections and request for Judge Williams recusal in the pending Ozaukee County Case No.: 2023-CV-402, as fully set forth herein. This is just a short description as to the plethora of acts that evidence Judge Willaims lack of impartiality. (*See Plaintiff's Proposed Exhibits A to D, attached hereto.*)

herself or honor his request for substitution, to spitefully bind him over for a crime manufactured by Jane Doe.

16. Looking back, it's obvious that Mr. Borowski's court induced DESNOS created a situation where he was afraid to enter necessary arguments, in fear of reprisal and facing the wrath of Judge William's previous 2011 shunning him as a "happy" pro se "filer" whose note taking is still evidenced in her recent lack of impartially twelve years later.

17. Mr. Borowski and his ex-wife ("Gibson") share one daughter who is almost 17 ("HB"). In 2017, Gibson filed a petition for a child abuse restraining order, falsely alleging that Mr. Borowski was physically and emotionally harmful. Gibson's attempt backfired when an out of county guardian ad litem opined that it was Gibson who required supervised placement. During his involvement in Gibson's child abuse petition, the then guardian ad litem entered a Stipulation In Leu Of Testimony that revealed Mr. Borowski had never physically abused HB, nor was he ever emotionally harmful to her.

18. To avoid being an alienating parent like Gibson, Mr. Borowski offered a solution. The parties entered into a Unified Stipulation. Mr. Borowski regained every other week placement. ¶ 2 of the stipulation prevented Gibson from filing false sworn statements and obtaining habitual ex parte injunctions absent imminent harm. No section 813 petitions could be filed ex parte.

## COUNT 1: DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C 1983

19. Mr. Borowski hereby repeats and incorporates the averments of ¶¶ 1- 18 as if fully set forth herein.

20. This action is not an exhaustive list of harms that Mr. Borowski plans on seeking compensation for; due to years of ongoing, repugnant, and blatant constitutional violations. Those

harms will be addressed via a separate complaint. This complaint focuses exclusively on obtaining expedited declaratory and injunctive relief from Judge Williams and the current void ex-parte harassment injunction order in Ozaukee County Case No.: 2023-CV-000402.

21. On September 8, 2023, HB sent Mr. Borowski messages that Gibson was stalking her and trying to intermeddle in her life, refusing to deal with it nor return to Gibson. As always. Mr. Borowski talked HB through it.

22. On September 26, 2023, HB came by Mr. Borowski to work out another issue. After Mr. Borowski assisted HB in coping through those issues, HB is then captured on video, acting hysterical, sobbing, panting, and reduced to a completely broken state of mind. HB advised Mr. Borowski that Gibson is back to shunning because, *"Mom does not want me coming here- Mom does not want me coming here at all."*

23. On October 16, 2023, Mr. Borowski was at work 200 miles away from HB. Out of the blue HB messaged Mr. Borowski at 9:14 PM the following, *"i [sic] told mom that i'm [sic] feeling like i [sic] want to kill myself and she completely ignored me."* Mr. Borowski called HB and talked her through her ideations during their almost 2-hour phone call. Mr. Borowski offered to come back to take HB to inpatient. HB advised that she felt a little better after talking on the phone.

24. On October 18, 2023, HB messaged Mr. Borowski indicating that she wanted his thoughts and help to attend IOP at Rodgers.

25. Not long after that, Mr. Borowski came across information that HB was associating with adult male Nicholas Jassoy who Gibson alleged Mr. Borowski was allowing HB to have sexual relations with. Near that same time, Mr. Borowski also was advised that HB was dating adult male

26. The only thing that transpired between September 8, 2023, and November 15, 2023, was HB becoming privy to the fact that Mr. Borowski was attempting to terminate HB's relationships with Jassoy and Gaulthier. This obviously upset HB and created the usual disdain.

27. Gibson capitalized on the disdain by filing a motion seeking to change placement on November 10, 2023, falsely alleging the current placement was "harmful" to HB just as she had done in the past. Despite alleging harm, Gibson's motion did not seek to deny placement; rather, it simply sought to allow HB to make the choice. This is something HB has been allowed to do since inception of the Unified Stipulation.

28. As the Unified Stipulation required a supporting CPS report, Gibson's motion was not immediately heard on December 12, 2023, as she had planned. It was eventually dismissed. In retaliation, Gibson facilitated HB in filing a petition for an harassment injunction. She did so as Gibson needed approval from the family court to file any form of a section 813 petition herself. As the family court summarily dismissed her motion, Gibson was fully aware that the family court would not authorize a 813 petition and Mr. Borowski would have a chance to respond before an ex parte injunction could be entered. So, she acted as HB or coached her to perform the misdeed.

29. As recently as November 27, 2023, and again today, CPS confirmed Mr. Borowski was not harmful or abusive to HB. Mr. Borowski has been in constant, voluntary contact with CPS as he knew what Gibson had been attempting since entering the Unified Stipulation. Gibson has now filed over 20 false and defamatory reports about Mr. Borowski and his wife.

30. The family court's dismissal of Gibson's motion which falsified harm to change placement and the lack of supporting documentation from Ozaukee County CPS is a de facto finding that Mr. Borowski is not harmful to HB.

31. Mr. Borowski's right to pre-deprivation procedural due process was violated when Commissioner Barry Boline failed to recuse himself to retain the ability to enter an ex parte injunction on December 5, 2023. This was the fourth ex parte injunction he entered that lacked sufficient notice and void of imminent harm.

32. Mr. Borowski's right to pre-deprivation procedural due process was violated when that same biased Commissioner entered an ex parte injunction in the complete absence of imminent harm on December 5, 2023. It is this ex parte order that is the focus of this complaint.

33. All of the pending cases that were related to Mr. Borowski were originally assigned out of county due to the FLAG. The same FLAG that red flags Mr. Borowski as a threat to Ozaukee County Officials and law enforcement is currently active. The Ozaukee County Clerk of Court violated Mr. Borowski's right to fair and impartial procedural due process when she misrepresented there were no more issues regarding subjective or objective bias to obtain in county assignment at Gibson's request to disrupt the out of county assignment status quo.

34. Judge Williams docket was originally empty as she had scheduled a vacation from December 22 through January 3, 2023. However, to deny Mr. Borowski due process she cut her vacation short to sit the bench on January 2, 2023.

35. Judge Williams violated Mr. Borowski's right to fair and impartial procedural due process when she refused to recuse herself from the void, unconstitutional ex parte injunction matter currently scheduled on her calendar. Gibson has been relying on Judge Willaims lack of impartiality since 2012, after acknowledging in in 2011.

36. Judge Williams violated Mr. Borowski's right to procedural due process by ignoring his objections to improper signature; circuit court record fraud; failure to commence the action, lack

8
Case 2:23-cv-01737-LA    Filed 12/29/23    Page 8 of 11    Document 1

of jurisdiction; lack of authority, including his federal law arguments regarding the void, ex parte injunction entered in the complete absence of imminent harm. Such ex parte orders are dished out like candy in Ozaukee County against Mr. Borowski.

37. Judge Williams denied Mr. Borowski fair and equal treatment under the laws by refusing to allow Mr. Borowski to object remotely, so to trick him into waiving his lack of jurisdiction and commencement arguments. Judge Williams had no trouble allowing witnesses to appear telephonically, without notice, and in violation of local rule when such witnesses had something negative to say about Mr. Borowski.

38. Despite being acquitted, Mr. Borowski is subjected to ridicule, biased rulings, and unlawful docketing of motions while his family law case was still assigned out of county, all to provide Gibson immediate attention and expedited hearings. To the contrary, Mr. Borowski's right to due process, equal treatment under the laws, and access to the courts is not worth enough to even obtain a hearing date for an August 2021 motion seeking permission to file an harassment petition against Gibson, in full accordance with the Unified Stipulation.

39. The preferential treatment towards Gibson and the ongoing bias and lack of impartiality towards Mr. Borowski was created by Gibson's causing the FLAG and Judge William's binding Mr. Borowski to forever be FLAGGED as a criminal who required, *"[n]o contact with: All 3 Ozaukee County Circuit Court Judges (Malloy, Voiland, Williams), the Judge's Families or the Judges residence or the Ozaukee County Courthouse."*

40. Mr. Borowski fears for his safety and future unlawful arrests. The last vindictive prosecution was directly related to his pro se representation. In fact, it was the sole alleged motive. He cannot make the necessary objections in a courthouse where he is still FLAGGED as a threat

of jurisdiction; lack of authority, including his federal law arguments regarding the void, ex parte injunction entered in the complete absence of imminent harm. Such ex parte orders are dished out like candy in Ozaukee County against Mr. Borowski.

37. Judge Williams denied Mr. Borowski fair and equal treatment under the laws by refusing to allow Mr. Borowski to object remotely, so to trick him into waiving his lack of jurisdiction and commencement arguments. Judge Williams had no trouble allowing witnesses to appear telephonically, without notice, and in violation of local rule when such witnesses had something negative to say about Mr. Borowski.

38. Despite being acquitted, Mr. Borowski is subjected to ridicule, biased rulings, and unlawful docketing of motions while his family law case was still assigned out of county, all to provide Gibson immediate attention and expedited hearings. To the contrary, Mr. Borowski's right to due process, equal treatment under the laws, and access to the courts is not worth enough to even obtain a hearing date for an August 2021 motion seeking permission to file an harassment petition against Gibson, in full accordance with the Unified Stipulation.

39. The preferential treatment towards Gibson and the ongoing bias and lack of impartiality towards Mr. Borowski was created by Gibson's causing the FLAG and Judge William's binding Mr. Borowski to forever be FLAGGED as a criminal who required, *"[n]o contact with: All 3 Ozaukee County Circuit Court Judges (Malloy, Voiland, Williams), the Judge's Families or the Judges residence or the Ozaukee County Courthouse."*

40. Mr. Borowski fears for his safety and future unlawful arrests. The last vindictive prosecution was directly related to his pro se representation. In fact, it was the sole alleged motive. He cannot make the necessary objections in a courthouse where he is still FLAGGED as a threat

to safety despite full acquittal. Mr. Borowski's process servers have informed him that they too are harassed and intimidated while performing their duties on his behalf. Mr. Borowski's DESNOS is exacerbated by the fear of even stepping foot in that courthouse.

41. The defective and void petition did not request any court to question Mr. Borowski about firearms. However, on December 7, 2023, two days after the ex parte order was granted, CCAP reflected documents solely related to possibly denying Mr. Borowski his right to bear arms were entered. Several days later, the Clerk Of Courts falsified the record to create the illusion these same documents were included as part of the ex parte order entered on December 5. One such document is dated the day before the petition was allegedly filed, time stamped in black with an adjustable hand stamp device dated December X5, 2023; yet still lists the original CCAP entry dated December 7th, all on the same document.

42. A few days before the petition was filed, Mr. Borowski received a message that stated the following. *"I am giving you one last chance to give me my dog."* After Ms. Borowski responded with the same facts contained in the emails attached to the petition enforcing why HB lost the privilege to have any dog the following message was received, *"see you in court."* The dog the message referred to is the same dog Gibson facilitated HB in filing a false report in a failed attempt at stealing it from Ms. Borowski in May 2023.

43. Gibson lost the ability to serve as HB's payee as Gibson concealed assets from the US Government. Mr. Borowski was assigned payee. Gibson has been feverishly proffering habitual false reports alleging that Mr. Borowski is misappropriating the funds. The reason why the petition requested a one-year injunction was to remove Mr. Borowski as payee after all Gibson's other attempts including the one in family court had failed.

45. The petition Gibson orchestrated was in retaliation for Mr. Borowski's refusal to allow HB to have relationships with two toxic adult males, and it violates his right to parent HB protected under federal law. Furthermore, there is no allegation of a risk of imminent harm in the defective petition form and ex parte orders entered in such manners have already been deemed by this district as unconstitutional. Judge Williams lack of impartiality could care less about due process.

## PRAYER FOR RELIEF

A. For declaratory relief finding the ex parte injunction violated Mr. Borowski's right to pre-deprivation procedural due process and declared void.

B. For injunctive relief in the form of an eternal recusal of Judge Williams from any current or future case that includes Mr. Borowski as a party.

C. For injunctive relief in the form of an eternal recusal of any official, from any current or future case that includes Mr. Borowski as a party, who is part of the following, *"[n]o contact with: All 3 Ozaukee County Circuit Court Judges (Malloy, Voiland, Williams), the Judge's Families or the Judges residence or the Ozaukee County Courthouse"*

D. For injunctive relief that requires any proceeding in Ozaukee County be assigned out of county until the FLAG representing Mr. Borowski as a threat to official safety is removed in its entirety. The cases were assigned outside the county, and it should have remained that way.

E. For any relief deemed just and equitable.

Respectfully submitted December 29, 2023.

John K. Borowski Jr. (Plaintiff)
jbjr5619@gmail.com